

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Robert F. Peden, Jr.
County Attorney
Bay City, Texas

Dear Sir:

> Opinion No. O-3135
> Re: Whether delinquent tax contract
> made between Commissioners'
> Court of Matagorda County
> and J. W. Minton covers and
> includes independent school
> district taxes.

In your letter of February 5, 1941, you call our attention to a certain contract made under authority of Article 7335, Revised Civil Statutes, and Article 7335a, Vernon's Annotated Civil Statutes, between the Commissioners' Court of Matagorda County and J. W. Minton, an attorney, Section 1 of which contains the following:

> "First Party agrees to employ and does hereby employ Second Party to enforce by suit or otherwise, and to aid and assist the local officers in the enforcement of the collection of all delinquent State and County ad valorem taxes, penalty and interest, and all delinquent taxes, penalty and interest (except taxes of Independent School Districts and incorporated cities and towns) due any and all political subdivisions or defined districts of said County and State, which the County Tax Collector receives and receipts for, under the provisions of Art. 7264 and 7257, R.S. 1925, and shown to be delinquent upon the delinquent tax records of said County from 1919, to the date of the termination of this contract."

You advise us that three independent school districts in that County "under the authority provided in Art. 2893, R. S. 1925, have delegated the assessing and collecting of their taxes to the County officials". You request our

Honorable Robert F. Peden, Jr., Page 2

opinion in response to two questions, (1) whether or not the Commissioners' Court in the execution of said contract had the authority to make the contract for the collection of the independent school district taxes, for which the Assessor and Collector of the County assesses and collects, and whether or not the contract would entitle the contracting attorney to the commissions on the taxes for such independent school districts, and (2) whether in the event the contracting attorney does not collect the independent school district taxes charged on the county tax rolls the County Tax Collector would be authorized to receive and receipt for the State and county taxes without collecting the school taxes charged against the taxpayer when it is all charged on the tax rolls under one item.

The statute cited by you as above indicated, Article 2893, was evidently in error, since that statute deals with a different subject matter. We presume that what you mean is that the boards of trustees of said districts under authority of Article 2792, Revised Civil Statutes, have provided for the taxes of said districts to be assessed and collected by the county assessor and collector. Such, however, makes no difference in our answer to your question. The contract expressly excepts the taxes of independent school districts from its operation. Whether the Commissioners' Court had the authority to make such a contract for the collection of independent district taxes is immaterial since such court did not attempt to do so. Hence Mr. Minton may not, under the provisions of said contract, claim commissions for taxes collected for said school districts.

In response to your second question we enclose copies of our Opinions Nos. O-2861 and O-210.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

GRL:LM

ENCLOSURES

APPROVED FEB 19, 1941

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN